FILED
United States Court of Appeals
Tenth Circuit

October 17, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

DAVID PAUL LORENTZEN,

Petitioner-Appellant,

v.

ROBERT OMER; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents-Appellees.

No. 12-1365
(D.C. No. 1:12-CV-01233-LTB)
(D. Colo.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

David Lorentzen was convicted of criminal trespass in Colorado state court

and was sentenced to two years of probation. Mr. Lorentzen didn't file a direct

appeal. Instead, he filed a state habeas corpus petition with the Colorado Supreme

Court, which was summarily denied. Mr. Lorentzen filed a motion seeking relief

from his conviction under 28 U.S.C. § 2254, which the district court denied. In

the same order, the district court denied Mr. Lorentzen's request for a certificate

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of appealability ("COA"). The district court also denied his motion for reconsideration. He now seeks to appeal the district court's order.

To appeal the district court's order, Mr. Lorentzen must first obtain a COA. We may grant a COA only if Mr. Lorentzen makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Lorentzen proceeds in this court *pro se*, we review his pleadings with special solicitude.

Bearing these standards in mind, we hold Mr. Lorentzen ineligible for a COA. The district court correctly held that Mr. Lorentzen failed to exhaust his claims before seeking federal relief, and more than adequately explained why his state habeas filing with the Colorado Supreme Court was insufficient to exhaust his claims. Before us, Mr. Lorentzen additionally contends he exhausted his claims by filing a motion to dismiss before the state trial court. But this contention is of no help to Mr. Lorentzen. For claims to be exhausted, the petitioner must "invok[e] one complete round of the State's established *appellate* review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis

added).  Mr. Lorentzen didn't invoke the *appellate* review process by requesting dismissal before the *trial* court.

Because Mr. Lorentzen cannot show the district court's resolution of his § 2254 motion is debatable, his application for a COA is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge